UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-107 |
| | ) | |
| MARTIN KENNETH WHEELER, JR., | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on September 17, 2015, for a motion hearing on Defendant Martin Wheeler's Motion to Substitute Counsel [Doc. 288], filed on September 8, 2015, by Assistant Federal Defender Paula R. Voss. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Ms. Voss appeared along with the Defendant.

Attorney Voss asks to be relieved of his representation of the Defendant due to an actual conflict of interest stemming from the Federal Defender Services of Eastern Tennessee's representation of another client. At the September 17 hearing, Ms. Voss stated that she had discussed the conflict generally with the Defendant, who understood her need to withdraw from the case. The Court questioned the Defendant, who stated that he understood that Ms. Voss needed to withdraw from representing him. The Government had no objection to the requested substitution of counsel.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the existence of an actual conflict of interest, the Court finds good cause to grant defense counsel's Motion to Substitute Counsel **[Doc. 288]**, the same is **GRANTED**, and Ms. Voss and the Federal Defender Services are relieved as counsel for Defendant Wheeler. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney J. Russell Pryor appeared at the hearing and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Pryor under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for Defendant Martin Wheeler. Attorney Voss stated that she had given Mr. Pryor some discovery in the case but that he would need to

sign a protective order before receiving copies of the hard drive and discs from the Government.

The Court instructed Mr. Pryor to contact AUSA Hebets about the discovery in this case.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3